**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| **JENI QUIRICONI, GAIL STEIGLEMAN,** and **STEPHANIE JACKSON** on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**WESTROCK LONGVIEW, LLC,** A Washington Limited Liability Company,<br><br>Defendant. | No.<br><br>**COMPLAINT—CLASS ACTION & JURY TRIAL DEMAND** |

## INTRODUCTION

1. Plaintiffs, Jeni Quiriconi, Gail Steigleman, and Stephnie Jackson on behalf of themselves and all others similarly situated, bring this putative class action against Defendant WestRock Longview, LLC, as a result of property damages suffered due to noxious odor emissions from Defendant's paper mill asserting claims of private nuisance, public nuisance, and negligence.

2. Defendant owns and operates the paper mill (hereinafter, the "Facility") located at 300 Fibre Way, Longview, WA 98632, which releases noxious odors onto Plaintiffs' properties, constituting a public and private nuisance and causing property damage.



**ROTH DAVIS**
2601 4th Ave., Suite 470
Seattle, WA 98121
(206) 447-8665

## PARTIES

3. At all times relevant hereto, Plaintiff Jeni Quiriconi has resided and intends to remain at 368 18th Ave., Longview, WA 98632. Plaintiff is a citizen of the State of Washington and owns her property.

4. At all times relevant hereto, Plaintiff Gail Steigleman has resided and intends to remain at 47 West 7th St., Apt. 7, Rainier, OR 97048. Plaintiff is a citizen of the State of Oregon and rents her property.

5. At all times relevant hereto, Plaintiff Stephanie Jackson has resided and intends to remain at 518 E. A St., Rainier, OR 97048. Plaintiff is a citizen of the State of Oregon and owns her property.

6. Defendant WestRock Longview, LLC is a Washington limited liability company organized in Washington.

7. Upon information and belief, Defendant's governor and owner is WestRock Kraft Paper LLC, a limited liability company organized under the laws of Delaware.

8. Upon information and belief, Westrock Kraft Paper LLC is a subsidiary of WestRock Company, a corporation headquartered in Georgia and incorporated under the laws of Delaware.

9. Upon information and belief, Defendant's corporate activities are directed, controlled, and coordinated from its headquarters in Georgia.

10. At all times relevant hereto, Defendant, including its predecessors and agents, exercised control and ownership over the Facility.

11. Upon information and belief, Defendant and its agents have at all times relevant hereto operated and maintained the Facility located at 300 Fibre Way, Longview, WA 98632.


**ROTH DAVIS**
2601 4th Ave., Suite 470
Seattle, WA 98121
(206) 447-8665

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this Action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) because there are 100 or more putative Class Members and the aggregate amount in controversy exceeds Five Million Dollars ($5,000,000) exclusive of interests and costs. Additionally, at least one, if not all, class members are a citizen of a different state from Defendant, establishing minimal diversity.

13. Plaintiffs' claims arise out of Defendant's negligent release of noxious odors from its Facility in Longview.

14. The Court has personal jurisdiction over Defendant, who has sufficient minimum contacts with the State of Washington, because it regularly conducts business in Washington through its ownership and operation of the Facility and Plaintiffs' claims arise through such contacts with the forum state.

15. Exercising personal jurisdiction over Defendant for its contacts satisfies due process and does not offend traditional notions of fair play and substantial justice because Defendant has purposefully availed itself of the laws of the State of Washington and it benefits by regularly conducting business through its industrial operations in the state.

16. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), because a substantial portion of the events or omissions giving rise to Plaintiffs' claims took place in this District, and because much, if not all, of the property that is the subject of this action is situated in this District.

17. Independent of and in addition to the original jurisdiction under CAFA, this Court has original jurisdiction over this Action under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the Parties and the amount in controversy exceeds $75,000.

## GENERAL ALLEGATIONS



**ROTH DAVIS**
2601 4th Ave., Suite 470
Seattle, WA 98121
(206) 447-8665

18. Defendant owns and operates an integrated pulp paper mill and corrugated box plant located at 300 Fibre Way, Longview, WA 98632.

19. Defendant's operations at the Facility include manufacturing a range of liners and flutings to make corrugated board and packaging.

20. According to the Washington Department of Ecology ("WDE"), the mill produces about 3,600 tons of paper and corrugated products and 2,800 tons of unbleached pulp each day.

21. The Facility uses the kraft process to make virgin pulp from wood chips in its paper production. This process is known to produce noxious odors.

22. Defendant's industrial processes at the Facility otherwise involve substantial pollutants, raw materials, and waste products that are highly odiferous.

23. A properly operated and/or maintained Facility such as Defendant's will not emit noxious odors into the surrounding residential areas.

24. The raw materials utilized and waste products generated at the Facility are noxious and highly odiferous, and its processing operations create the foreseeable risk that noxious odor emissions could be emitted into surrounding residential communities if reasonable steps are not taken to mitigate and control them.

25. Defendant is required to control its odorous emissions by, among other things, properly treating odiferous waste products; utilizing adequate odor mitigation and control technologies at the Facility; effectively operating and maintaining its odor mitigation and control techniques to prevent off-site odors; adequately storing and disposing of organic waste produced through its industrial processes to prevent off-site odors; and other reasonable odor mitigation, elimination, and control systems available to Defendant.



**ROTH DAVIS**
2601 4th Ave., Suite 470
Seattle, WA 98121
(206) 447-8665

26. Defendant has emitted on occasions too numerous to list herein unreasonable noxious odors into the ambient air outside of the Facility's property boundary.

27. The noxious odors and emissions caused by Defendant's operation of the Facility have been and continue to be dispersed across all public and private land in the Class Area.

28. Defendant's emission control processes are inadequate, improperly maintained and operated, and fail to prevent noxious offsite odors from invading the private property of Plaintiffs and the Class.

29. Defendant has failed to properly operate and/or maintain its Facility to prevent offensive offsite odor emissions, despite knowledge that its Facility repeatedly and continually emits noxious odor emissions into the ambient air.

30. Defendant has failed to install, operate, maintain, and/or implement adequate odor mitigation and control strategies, processes, technologies, and/or equipment to control its odorous emissions from the Facility and prevent those odors and emissions from invading the homes and property of Plaintiffs and the putative Class.

31. Defendant's Facility is surrounded by residential properties.

32. On frequent, recurrent, and intermittent occasions too numerous to list individually, Plaintiffs' property, including Plaintiffs' neighborhood, residence, and outdoor spaces, have been and continue to be physically invaded by noxious odors.

33. The noxious odors that entered Plaintiffs' property originated from, and were caused by, Defendant's Facility.

34. Defendant's Facility and its noxious emissions have been the subject of frequent complaints from residents in the nearby residential area.



**ROTH DAVIS**
2601 4th Ave., Suite 470
Seattle, WA 98121
(206) 447-8665

35. Below is a small sample of odor complaints WDE has received from local residents related to Defendant's Facility:

a. On November 23, 2022, a local resident reported that "The air quality is really bad today on Florida Street. I believe it's from the mill."

b. On April 24, 2024, a local resident reported that "As of 7:14 am today my house indoors has stunk very bad from an offensive, disgusting mill odor. Neighbors noticing the stench."

36. In addition, Plaintiffs' Counsel has received numerous complaints directly from nearby residents concerning the offensive odor on their property originating from Defendant's Facility:

a. On July 17, 2025, Plaintiff Jeni Quiriconi reported that "the odors prevent working in my gardens, enjoying outdoor reading, harvesting vegetables due to nausea and airway irritation. I like open windows and when it stinks I won't open them."

b. On July 22, 2025, Plaintiff Gail Steigleman stated that Defendant's facility "smelled very foul like poop in my house and while walking outside," and that it is "embarrassing when company is here."

c. On July 15, 2025, Plaintiff Stephanie Jackson indicated that "the odors seep into my home even with the windows closed. The smell makes me nauseous!"

d. On July 14, 2025, putative class members Kelly Beck and Jarrett Skreen indicated that "the odors and horrible smells at various times of the day make it impossible to enjoy our back patio and yard which was one of the reasons we bought our home. We often have to shut windows and doors so the smell doesn't come in our house."

37. Based on emissions data, a WDE investigation relating to widespread odor reports throughout southwestern Washington and northwestern Oregon in September 2024 attributed the odors to Defendant's Facility, and cited Defendant as the likely cause of an increase in odors in Longview, Washington and the surrounding areas.

38. Defendant has been cited and penalized by regulators for failure to maintain its Facility in accordance with its Clean Air Act permits.


**ROTH DAVIS**
2601 4th Ave., Suite 470
Seattle, WA 98121
(206) 447-8665

39. On March 8, 2023, Defendant received a Notice of Penalty (NOP) from the WDE, citing the repeated opacity violations in exceedance of its Clean Air Act permits throughout 2022. Specifically, Defendant's Facility exceeded its sulfur dioxide limit on 7/20/2022 and its opacity limits on 5/23/2022, 5/24/2022, 6/13/2022, and 7/26/2022. This resulted in a civil penalty of $4,000.

40. On April 25, 2023, Defendant received an NOP from the WDE for exceeding its sulfur dioxide emissions limit on 7/20/2022 and 8/10/2022. These violations of the Clean Air Act resulted in a civil penalty of $5,500 and an associated compliance order for corrective actions. The compliance order called for an Opacity Minimization Study and corresponding report for improvements to the Facility's operations.

41. In addition to the above formal enforcement actions, the WDE has issued multiple informal Notices of Violations (NOVs) to Defendant for other violations of its Clean Air Act permits since 2022.

a. On June 15, 2023, Defendant's Facility received a warning letter from the WDE for failing to report daily monitoring of methanol on April 23 and April 26, 2023, in their monthly air quality report.

b. On September 4, 2024, Defendant's Facility received an NOV from the WDE for its exceedance of sulfur dioxide limits on March 13, 2024.

c. On December 20, 2024, Defendant's Facility received an NOV from the WDE for its exceedance of total reduced sulfur limits on July 12 and July 15 of 2024.

d. On August 5, 2025, Defendant's Facility received an NOV from the WDE related to emissions of particulate matter, opacity, and sulfur dioxide in January and February of 2025.

42. Over the last three years, Defendant's Facility has violated its National Pollution Discharge Elimination System (NPDES) permit for 13 of the last 13 quarters, in continuous


**ROTH DAVIS**
2601 4th Ave., Suite 470
Seattle, WA 98121
(206) 447-8665

noncompliance with the Clean Water Act. Defendant's Facility has accordingly been subject to several informal enforcement actions by the WDE.

43. Defendant's Facility was also informally cited by WDE for violating the Resource Conservation and Recovery Act (RCRA) in its generation of hazardous waste in February and April of 2023.

44. Despite clear knowledge of its odor emission problems, Defendant continues to frequently emit severe fugitive off-site odors into the ambient air beyond its property.

45. The foul odors emitted from the Facility are offensive, would be offensive to a reasonable person of ordinary health and sensibilities, and have caused property damage.

46. Defendant's noxious odor emissions have caused a substantial and unreasonable interference with Plaintiffs' use and enjoyment of their private property.

47. Plaintiffs' properties have been and continue to be physically invaded by noxious odors that have interfered with the use and enjoyment of their property, resulting in damages.

48. The Class Area is home to a wide range of commercial and recreational activities including but not limited to dining, industry, construction, retail trade, parks, and education.

49. Plaintiffs and the Class are a limited subset of individuals in Longview and Rainier and the Class Area that includes only owner/occupants and renters of residential property who live within the Class Area and fit within the Class Definition. Plaintiffs and the putative Class are not coterminous with the general public.

50. Members of the public in the Class Area, including but not limited to businesses, employees, commuters, tourists, visitors, customers, clients, and students, have experienced and been harmed by the fugitive noxious odors emitted from the Facility into public spaces; however, unlike Plaintiffs and the Class, members of the public who are outside of the Class Definition have


**ROTH DAVIS**
2601 4th Ave., Suite 470
Seattle, WA 98121
(206) 447-8665

not suffered damages of the same kind, in the form of loss of use and enjoyment of their private property.

51. Plaintiffs and the Class have suffered damages different in kind that are not suffered by the public at large because their injury is an injury to private property.

52. Defendant negligently, knowingly, intentionally, and recklessly failed to properly design, operate, repair, and/or maintain the Facility and its associated operations, thereby causing the unreasonable invasion of Plaintiffs' properties by noxious odors on unusually severe, frequent, intermittent, and ongoing recurring occasions. These failures are demonstrated by the administrative enforcement actions above and in part through the following:

a. Failing to properly control and vent non-condensable gases (NCGs) from its Facility operations;

b. Failing to control the emission of odorous compounds, such as sulfur dioxide, through its startup and/or operation of Facility equipment; and,

c. Other failures that have yet to be discovered.

## CLASS ACTION ALLEGATIONS

### A. Definition of the Class

53. Plaintiffs bring this action individually and on behalf of all persons as the Court may determine to be appropriate for class certification under Federal Rule of Civil Procedure 23.

54. Plaintiffs seek to represent a Class of persons preliminarily defined as:

**All owner/occupants and renters of residential property residing within 2.25 miles of the Facility at any time within the applicable statute of limitations.**

55. This definitional boundary is subject to modification as discovery will disclose the location of all persons properly included in the Class ("Class Members"). Plaintiffs reserve the right to propose one or more subclasses if discovery reveals that such subclasses are appropriate.


**ROTH DAVIS**
2601 4th Ave., Suite 470
Seattle, WA 98121
(206) 447-8665

56. This case is properly maintainable as a class action pursuant to and in accordance with Rule 23 of the Federal Rules of Civil Procedure in that:

a. The Class which includes thousands of members, is so numerous that joinder of all members is impracticable;

b. There are substantial questions of law and fact common to the Class including those set forth in greater particularity herein;

c. Questions of law and fact such as those enumerated below, which are all common to the Class, predominate over any questions of law or fact affecting only individual members of the Class;

d. The claims of the representative parties are typical of the claims of the Class;

e. A class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

f. The relief sought in this class action will effectively and efficiently provide relief to all members of the Class;

g. There are no unusual difficulties foreseen in the management of this class action; and,

h. Plaintiffs, whose claims are typical of those of the Class, through their experienced counsel, will zealously and adequately represent the Class.

**B. Numerosity**

57. The Class consists of over several thousand households and therefore is so numerous that joinder is impracticable.

**C. Commonality**

58. Numerous common questions of law and fact exist between Plaintiffs and the Class, including, but not limited to:

a. Whether and how Defendant negligently, knowingly, intentionally, and/or recklessly failed to design, operate, and maintain the Facility and its operations;

b. whether Defendant owed any duties to Plaintiffs;

c. which duties Defendant owed to Plaintiffs;



**ROTH DAVIS**
2601 4th Ave., Suite 470
Seattle, WA 98121
(206) 447-8665

d. which steps Defendant has and has not taken in order to control the emission of noxious odors through the design, operation, and maintenance of its Facility and its respective operations;

e. whether Defendant met its standard of care with respect to its operation, design, and maintenance of the Facility and its operations;

f. whether and to what extent the Facility's noxious odors were dispersed over the Class Area;

g. whether it was reasonably foreseeable that Defendant's failure to properly design, operate, and maintain the Facility and its operations would result in an invasion of Plaintiffs' property interests;

h. whether the degree of harm suffered by Plaintiffs and the Class constitutes a substantial annoyance or interference; and

i. the proper measure of damages incurred by Plaintiffs and the Class.

**D. Typicality**

59. Plaintiffs have the same interests in this matter as all the other members of the Class and their claims are typical of all members of the Class. If brought and prosecuted individually, the claims of each Class Member would require proof of many of the same material and substantive facts, utilize the same complex evidence including expert testimony, rely upon the same legal theories and seek the same type of relief.

60. The claims of Plaintiffs and the other Class Members have a common cause and their damages are of the same type. The damages of Plaintiffs and the Class are different in kind than those suffered by other members of the broader community who do not hold private residential property interests. The claims originate from the same failure of the Defendant to properly design, operate, and maintain the Facility and its operations.

61. All Class Members have suffered injury in fact as a result of the invasion of their property by Defendant's release of noxious odors causing damage to their property.

**E. Adequacy of Representation**



**ROTH DAVIS**
2601 4th Ave., Suite 470
Seattle, WA 98121
(206) 447-8665

62. Plaintiffs' claims are sufficiently aligned with the interests of the absent Class Members to ensure that the Class's claims will be prosecuted with diligence and care by Plaintiffs as representative of the Class. Plaintiffs will fairly and adequately represent the interests of the Class and do not have interests adverse to the Class.

63. Plaintiffs have retained the services of counsel who are experienced in complex class action litigation, in particular class actions stemming from invasions of noxious industrial emissions. Plaintiffs' Counsel will vigorously prosecute this action and will otherwise protect and fairly and adequately represent Plaintiffs and all absent Class Members.

**F. Class Treatment is the Superior Method of Adjudication**

64. A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

a. Individual claims by the Class Members would be impracticable as the costs of pursuit would far exceed what any one Class Member has at stake;

b. Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class Members are unlikely to have an interest in separately prosecuting and controlling individual actions;

c. The concentration of litigation of these claims in one action will achieve efficiency and promote judicial economy; and

d. The proposed class action is manageable.

65. The prosecution of separate actions by or against individual members of the Class would create the risk of (i) inconsistent or varying adjudications with respect to individual members of the Class, which could establish incompatible standards of conduct for the party opposing the Class; and (ii) adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.



**ROTH DAVIS**
2601 4th Ave., Suite 470
Seattle, WA 98121
(206) 447-8665

66. Furthermore, notice can be provided to members of the Class by U.S. Mail and/or publication.

## CAUSE OF ACTION I — PRIVATE NUISANCE

67. Plaintiffs restate all allegations of this Complaint as if fully restated herein.

68. Under RCW 7.48.120, a nuisance is defined by statute to mean "unlawfully doing an act, or omitting to perform a duty, which act or omission either annoys, injures or endangers the comfort, repose, health or safety of others, offends decency, or unlawfully interferes with, obstructs or tends to obstruct, or render dangerous for passage, any lake or navigable river, bay, stream, canal or basin, or any public park, square, street or highway; or in any way renders other persons insecure in life, or in the use of property."

69. The Defendant owed, and continues to owe, a duty to the Plaintiffs and to the Class to prevent and abate the unreasonable interference with, and the invasion of, their private property interests.

70. The noxious odors which entered the Plaintiffs' and Class's properties originated from the Facility, which was improperly and unreasonably maintained, and/or operated by the Defendant.

71. The noxious odors invading the Plaintiffs' and Class's properties are indecent and offensive to people with ordinary health and sensibilities, and they obstruct the free use of their properties so as to substantially and unreasonably interfere with the enjoyment of life and property. This includes but is not limited to:

a. Forcing the Plaintiffs and Class Members to remain inside their homes and forego the use of their yards, porches, and other spaces, and to generally refrain from outdoor activities;

b. Causing the Plaintiffs and Class Members to keep their doors and windows closed when they would otherwise have them open;


**ROTH DAVIS**
2601 4th Ave., Suite 470
Seattle, WA 98121
(206) 447-8665

c. Depriving the Plaintiffs and Class Members of the value of their homes and properties; and,

d. Causing the Plaintiffs and Class Members embarrassment, inconvenience, and discomfort including, but not limited to, creating a reluctance to invite guests to their homes and preventing the Plaintiffs and Class Members from utilizing the outdoor areas of their respective properties.

72. The Plaintiffs' and Class's properties are situated in such proximity to the Defendant's Facility as to constitute "neighboring" properties, in that they are near enough to be impacted by the tangible effects of noxious odors emitted from the Facility.

73. By failing to reasonably repair, maintain, and operate the Facility, thereby causing noxious odors to physically invade the Plaintiffs' and Class's properties, the Defendant intentionally, knowingly, recklessly, and/or negligently created a nuisance that substantially and unreasonably interferes with the Plaintiffs' and the Class's properties.

74. Defendant's interference has annoyed, injured, and endangered the comfort, repose, and health of Plaintiffs and the Class, and has in other ways rendered them insecure in the use of their properties, satisfying the statutory definition of nuisance under RCW 7.48.120.

75. As a foreseeable, direct, and proximate result of the forgoing misconduct of the Defendant, the Plaintiffs and the Class suffered damages to their properties as alleged herein.

76. The Plaintiffs and Class Members did not consent to the invasion of their properties by the Defendant's noxious odors, which is ongoing and which constitutes a nuisance.

77. Any social utility that is provided by the Facility is patently outweighed by the harm suffered by the Plaintiffs and the Class, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have endured substantial loss in the use and value of their properties.


**ROTH DAVIS**
2601 4th Ave., Suite 470
Seattle, WA 98121
(206) 447-8665

78. The Defendant's substantial and unreasonable interference with the Plaintiffs' and Class's use and enjoyment of their properties constitutes a private nuisance. The Defendant is liable for all damages arising from such nuisance, including compensatory, injunctive, exemplary, and/or punitive relief.

## CAUSE OF ACTION II — PUBLIC NUISANCE

79. Plaintiffs restate all allegations of this Complaint as if fully restated herein.

80. Under RCW 7.48.120, a nuisance is defined by statute to mean "unlawfully doing an act, or omitting to perform a duty, which act or omission either annoys, injures or endangers the comfort, repose, health or safety of others, offends decency, or unlawfully interferes with, obstructs or tends to obstruct, or render dangerous for passage, any lake or navigable river, bay, stream, canal or basin, or any public park, square, street or highway; or in any way renders other persons insecure in life, or in the use of property."

81. Under RCW 7.48.130, a public nuisance is "one which affects equally the rights of an entire community or neighborhood, although the extent of the damage may be unequal."

82. Under RCW 7.48.140(7), it is a public nuisance "To erect, continue, or use any building, or other place, for the exercise of any trade, employment, or manufacture, which, by occasioning obnoxious exhalations, offensive smells, or otherwise is offensive or dangerous to the health of individuals or of the public."

83. The Plaintiffs and Class utilize their properties as residences and reside within the Class Area.

84. The noxious odors which entered the Plaintiffs' and Class's properties originated from the Facility, which is in close proximity to the Class Area.


**ROTH DAVIS**
2601 4th Ave., Suite 470
Seattle, WA 98121
(206) 447-8665

85. The unreasonable noxious odors emitted by the Defendant's Facility have been, and continue to be, dispersed across public and private land throughout the Class Area.

86. The Defendant's noxious odors have interfered with the public's equal right to unpolluted and uncontaminated air.

87. By failing to reasonably design, operate, repair, and maintain the Facility, the Defendant has caused an invasion of the Plaintiffs' and Class's properties by noxious odors on frequent occasions that are too numerous to individually list herein.

88. The noxious odors invading the Plaintiffs' and Class's properties are indecent and offensive to people with ordinary health and sensibilities. They obstruct the free use of the Plaintiffs' and Class's properties so as to substantially and unreasonably interfere with the enjoyment of life and property. This includes, but is not limited to:

a. Forcing the Plaintiffs and Class Members to remain inside their homes and forego the use of their yards, porches, and other spaces, and to generally refrain from outdoor activities;

b. Causing the Plaintiffs and Class Members to keep their doors and windows closed when they would otherwise have them open;

c. Depriving the Plaintiffs and Class Members of the value of their homes and properties; and,

d. Causing the Plaintiffs and Class Members embarrassment, inconvenience, and reluctance to invite guests to their homes.

89. As a foreseeable, direct, and proximate result of the forgoing misconduct by the Defendant, the Plaintiffs and the Class have suffered special damages to their properties as alleged herein.

90. The damages suffered by the Plaintiffs and Class are uniquely injurious to those parties because they suffer harm relating to the use and enjoyment of their lands and properties, and decreased property values, which are not harms suffered by the general public.



**ROTH DAVIS**
2601 4th Ave., Suite 470
Seattle, WA 98121
(206) 447-8665

91. The general public is also impacted by the Facility's odors. Many members of the general public are impacted by the odors when they work, study, commute, shop, or engage in recreation in the Class Area, but they suffer no harm to the use and enjoyment of their land or property, or decreased property values.

92. The repeated, substantial, and unreasonable interferences with public and private rights has been documented by the Southwest Clean Air Agency (SWCAA) and the WDE, and the Facility's emission of noxious odors is contrary to Washington environmental laws and regulations.

93. Defendant's Facility is a building for manufacturing which occasions obnoxious exhalations, offensive smells, and is otherwise offensive and dangerous to the health of individuals and the public, satisfying the enumerated definition of a public nuisance under RCW 7.48.140(7).

94. The Plaintiffs and Class Members did not consent to the invasion of their properties by the Defendant's noxious odors, which is ongoing and which constitutes a nuisance.

95. By failing to reasonably operate, repair, and/or maintain the Facility so as to abate nuisances such as noxious odor emissions, the Defendant has acted, and continues to act, intentionally, knowingly, recklessly, and/or negligently, and with conscious disregard for public health, safety, peace, comfort, and convenience.

96. The Plaintiffs and Class suffered, and continue to suffer, harms and damages that are of a different kind and in addition to those suffered by the public at large.

97. Any social utility that is provided by the Facility is patently outweighed by the harm suffered by the Plaintiffs and the Class, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have endured substantial loss in the use and value of their properties.


**ROTH DAVIS**
2601 4th Ave., Suite 470
Seattle, WA 98121
(206) 447-8665

98. The Defendant's substantial and unreasonable interference with the Plaintiffs' and Class's use and enjoyment of their properties arises from a public nuisance, from which the Plaintiffs and Class Members have uniquely suffered. The Defendant is liable to the Plaintiffs and Class Members for all damages arising from such nuisance, including compensatory, injunctive, exemplary, and/or punitive relief.

## CAUSE OF ACTION III — NEGLIGENCE

99. Plaintiffs restate the allegations of this Complaint as if fully restated herein.

100. The Defendant owed, and continues to owe, a duty to the Plaintiffs and to the Class to operate and maintain the Facility in a reasonable manner and to reasonably prevent fugitive emissions of noxious odors from the Facility.

101. The Defendant breached its duties by negligently and improperly maintaining and operating the Facility, which was the direct and proximate cause of the invasion by noxious odors upon the Plaintiffs' and Class's homes, lands, and properties on occasions too numerous to list individually.

102. Defendants breach is demonstrated by its extensive administrative violations and civil penalties, and in the following documented operational failures:

a. Failing to properly control and vent NCGs from its Facility operations;

b. Failing to control the emission of odorous compounds, such as sulfur dioxide, through its startup and/or operation of Facility equipment; and,

c. Other failures that have yet to be discovered.

103. Such invasions by noxious odors were the foreseeable result of the foregoing conduct of the Defendant, and the Plaintiffs and Class suffered damages to their properties as alleged herein. Such damages include, but are not limited to, the loss of use and enjoyment of their properties and the diminution of property values.



**ROTH DAVIS**
2601 4th Ave., Suite 470
Seattle, WA 98121
(206) 447-8665

104. By failing to properly maintain and operate the Facility, the Defendant failed to exercise the duty of ordinary care and diligence.

105. The Defendant knowingly, recklessly, and with a conscious disregard for the rights of the Plaintiffs and Class allowed conditions to exist and perpetuate which caused noxious odors to physically invade the Plaintiffs' and Class's properties.

106. The Defendant's negligence caused harm to the Plaintiffs' and Class's properties, which entitles the Plaintiffs and Class to an award for compensatory, injunctive, exemplary, and/or punitive relief.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, individually and on behalf of the proposed Class, pray for judgment as follows:

A. Certification of the proposed Class by order pursuant to Federal Rule of Civil Procedure 23;

B. Designation of the Plaintiffs as representatives of the proposed Class and designation of their counsel as Class Counsel;

C. Judgment in favor of the Plaintiffs and the Class Members as against the Defendant;

D. An award to the Plaintiffs and the Class Members for compensatory and punitive damages, including pre- and post-judgement interest;

E. An award of attorneys' fees and costs, including pre- and post-judgement interest;

F. An Order holding that the entrance of the aforementioned noxious odors upon the Plaintiffs' and Class's properties constitutes a nuisance;

G. An Order holding that the Defendant was negligent in causing noxious odors to repeatedly invade and interfere with the Plaintiffs' and Class's private residential properties;

H. An award to the Plaintiffs and the Class Members for injunctive relief not inconsistent with the Defendant's state and federal regulatory obligations; and



**ROTH DAVIS**
2601 4th Ave., Suite 470
Seattle, WA 98121
(206) 447-8665

I. Such further relief, both general and specific, that this Honorable Court deems just and proper.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues raised in this Complaint.

Dated: November 3, 2025

Respectfully Submitted,

**ROTH DAVIS**

*/s/ Gavin L. Davis*
Gavin L. Davis, WSBA 47278
2601 4th Ave., Suite 470
Seattle, WA 98121
(206) 447-8665
gavin@legalroth.com
*Attorney for Plaintiffs*

*/s/ Steven D. Liddle*
Steven D. Liddle*
Laura L. Sheets*
D. Reed Solt*
**LIDDLE SHEETS P.C.**
975 E. Jefferson Ave.
Detroit, MI 48207
(313) 392-0015
sliddle@lsclassaction.com
lsheets@lsclassaction.com
rsolt@lsclassaction.com
**Pro Hac Vice Motions to be submitted*
*Attorneys for Plaintiffs*