UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENI QUIRICONI, et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>WESTROCK LONGVIEW LLC,<br><br>                Defendant. | Case No. 3:25-cv-05977-TMC<br><br>ORDER ON MOTION TO DISMISS |

Plaintiffs are a putative class of Washington and Oregon residents who live within a few miles of Defendant's paper mill in Longview, Washington. The paper mill sits near the banks of the Columbia River that forms the border between the two states. Plaintiffs allege that the paper mill releases noxious and foul-smelling odors causing nausea and airway irritation. Plaintiffs bring Washington state law claims of public nuisance, private nuisance, and negligence.

On January 13, 2026, Defendant moved to dismiss the complaint and strike Plaintiffs' class allegations. Dkt. 17. For the following reasons, Defendant's motion is GRANTED IN PART and DENIED IN PART. Plaintiffs' private nuisance claim is DISMISSED WITHOUT PREJUDICE.

ORDER ON MOTION TO DISMISS - 1

## I.    BACKGROUND

### A.    The Facility

Defendant WestRock Longview, LLC owns and operates an "integrated pulp paper mill and corrugated box plant located at 300 Fibre Way, Longview, WA" (the "Facility"). Dkt. 1 ¶ 18. Defendant produces "a range of liners and flutings to make corrugated board and packaging," creating 3,600 tons of paper and corrugated products and 2,800 tons of unbleached pulp each day. *Id*. ¶¶ 19–20. Plaintiffs allege that the Facility "uses the kraft process to make virgin pulp from wood chips in its paper production" and that "[t]his process is known to produce noxious odors." *Id*. ¶ 21. The Facility is surrounded by residential properties. *Id*. ¶ 31.

The Facility is regulated by the Washington Department of Ecology ("WDE") and maintains permits for its emissions under the Clean Air Act and Clean Water Act. *Id*. ¶¶ 38–42. According to Plaintiffs, Defendant is required to control its emissions by "properly treating odiferous waste products; utilizing adequate odor mitigation and control technologies at the Facility; effectively operating and maintaining its odor mitigation and control techniques to prevent off-site odors; adequately storing and disposing of organic waste produced through its industrial processes to prevent off-site odors; and other reasonable odor mitigation, elimination, and control systems available to Defendant." *Id*. ¶ 25.

### B.    Plaintiffs

Plaintiffs are a putative class of "[a]ll owner/occupants and renters of residential property residing within 2.25 miles of the Facility at any time within the applicable statute of limitations." *Id*. ¶ 54. Individual Plaintiffs include Jeni Quiriconi, a resident of Longview, WA, and Gail Steigleman and Stephanie Jackson, residents of Rainier, OR. *Id*. ¶¶ 3–5. Plaintiffs assert that they "are not coterminous with the general public." *Id*. ¶ 49.

The area within a 2.25 mile radius of the Facility (the "Class Area") is "home to a wide range of commercial and recreational activities including but not limited to dining, industry, construction, retail trade, parks, and education." *Id*. ¶ 48. Plaintiffs allege that, in addition to any injuries sustained by members of the public in the Class Area, Plaintiffs also suffered the "loss of use and enjoyment of their private property." *Id*. ¶ 50.

**C.    Plaintiffs' allegations**

Plaintiffs allege that "on occasions too numerous to list" from at least 2023 through the present day, the Facility emitted "unreasonable noxious odors into the ambient air outside of the Facility's property boundary." *Id*. ¶ 26. Plaintiffs claim these emissions have interfered with their daily activities and caused them to experience nausea and airway irritation. *Id*. ¶¶ 35–36. They also cite recent WDE investigations, warnings, and penalties against Defendant for its emissions at the Facility. *Id*. ¶¶ 38–41. The primary complaints and enforcement actions include the following:

- On seven occasions between May and August 2022, Defendant violated its Clean Air Act permits by exceeding sulfur dioxide emissions or opacity limits at the Facility. *Id*. ¶ 39–40. Defendant received two Notices of Penalty ("NOP") from the WDE for these violations in March and April 2023, resulting in $9,500 in fines and a compliance order requiring improvement in the Facility's operations. *Id*.

- On November 23, 2022, WDE received a complaint from a local resident that "[t]he air quality is really bad today on Florida Street. I believe it's from the mill." *Id*. ¶ 35.

- On April 23 and April 26, 2023, Defendant failed to report its daily monitoring of methanol levels. *Id*. ¶ 41. It received an informal warning letter from the WDE in June 2023. *Id*.

- On March 13, 2024, Defendant exceeded the sulfur dioxide limits of its permit. *Id*. It received a Notice of Violation ("NOV") from the WDE in September 2024. *Id*.

- On April 24, 2024, WDE received a complaint from a local resident that "[a]s of 7:14 am today my house indoors has stunk very bad from an offensive, disgusting mill odor. Neighbors noticing the stench." *Id*. ¶ 35.

- On July 12 and July 15, 2024, Defendant exceeded the total reduced sulfur limits of its permit. *Id*. It received a NOV from the WDE in December 2024. *Id*. ¶ 41.

- In January and February 2025, Defendant committed violations "related to emissions of particulate matter, opacity, and sulfur dioxide." *Id*. It received a NOV from the WDE on August 5, 2025. *Id*.

- In July 2025, Plaintiff's counsel collected the following complaints from putative class members:

  - On July 14, residents Kelly Beck and Jarrett Skreen stated that "the odors and horrible smells at various times of the day make it impossible to enjoy our back patio and yard which was one of the reasons we bought our home. We often have to shut windows and doors so the smell doesn't come in our house." *Id*. ¶ 36.

  - On July 15, Ms. Jackson stated that "the odors seep into my home even with the windows closed. The smell makes me nauseous!" *Id*.

  - On July 17, Ms. Quiriconi stated that "the odors prevent working in my gardens, enjoying outdoor reading, harvesting vegetables due to nausea and airway irritation. I like [to] open windows and when it stinks I won't open them." *Id*.

  - On July 22, Ms. Steigleman stated that the Facility "smelled very foul like poop in my house and while walking outside," and that it is "embarrassing when company is here." *Id*.

Plaintiffs filed a complaint in this Court on November 3, 2025, bringing Washington state law claims of public nuisance, private nuisance, and negligence. *Id*. ¶¶ 67–106. Broadly, Plaintiffs assert that Defendant "fail[ed] to reasonably operate, repair, and/or maintain the Facility as to abate nuisances such as noxious odor emissions," and acted "with conscious disregard for public health, safety, peace, comfort, and convenience." *Id*. ¶ 95. Defendant moved to dismiss and strike class allegations on January 13, 2026. Dkt. 17. Plaintiffs responded on February 13, and Defendant replied on February 27. Dkts. 25, 27.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to

ORDER ON MOTION TO DISMISS - 4

dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he Rule 8 pleading standard does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Id.*

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Id.* at 556. Allegations in a complaint must be sufficient to show that a "plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

### III.    JURISDICTION

The Court must first address whether it has subject matter jurisdiction over the case. An action brought in state court is removable to federal district court if the federal court has original subject matter jurisdiction over the action. *See* 28 U.S.C. § 1441(a). Federal diversity jurisdiction exists when more than $75,000 is in controversy and all plaintiffs are of diverse citizenship from all defendants. *See* 28 U.S.C. §§ 1332(a), 1441(a), (b).

Plaintiffs are a putative class of residents within 2.25 miles of the Facility, an area which includes territory within both Washington and Oregon. Dkt. 1 ¶¶ 3–5, 54. As an LLC, Defendant "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A chain of LLCs follows, each being the sole member of the other, ending in WRKCo, Inc., a Delaware corporation with its principal place of business in Georgia. Dkt. 12; *see Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (A

corporation is a citizen of both its state of incorporation and "the State where it has its principal place of business.") (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Because Plaintiffs claim over $75,000 in damages and are citizens of Oregon and Washington while Defendant is a citizen of Delaware and Georgia, the Court maintains diversity jurisdiction over this case.[1]

## IV.    DISCUSSION

### A.    Public nuisance

Washington defines nuisance as "unlawfully doing an act, or omitting to perform a duty, which act or omission either annoys, injures or endangers the comfort, repose, health or safety of others . . . or in any way renders other persons insecure in life, or in the use of property." RCW 7.48.120. A public nuisance claim requires either (1) a violation of one of the statutorily enumerated public nuisances in RCW 7.48.140, or (2) for the plaintiff to show that the nuisance activity "affects equally the rights of an entire community or neighborhood, although the extent of the damage may be unequal." *Sauk-Suiattle Indian Tribe v. City of Seattle*, 25 Wn. App. 2d 741, 749 (2023) (quoting *Kitsap County v. Kev, Inc.*, 106 Wn.2d 135, 139, 720 P.2d 818 (1986); RCW 7.48.130)).

Defendant argues that Plaintiffs have failed to plead a public nuisance claim because the alleged interference "pertained only to plaintiffs' 'use and enjoyment of their property,' which may be 'sufficient for a private nuisance claim' but not a public nuisance claim." Dkt. 17 at 18 (quoting *Crawford-Johnson v. Graphic Packaging Int'l*, LLC, No. 1:20-CV-842, 2023 WL

---

[1] The Court agrees with Plaintiffs that it also has jurisdiction via the Class Action Fairness Act ("CAFA"). Dkt. 1 ¶ 12. "CAFA gives federal courts jurisdiction over certain class actions, defined in [28 U.S.C.] § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84–85 (2014) (citing 28 U.S.C. § 1332(d)(2), (5)(B)).

ORDER ON MOTION TO DISMISS - 6

10424693, at *4 (W.D. Mich. July 7, 2023)).[2] But while Defendant focuses on the second pathway to a public nuisance claim, Plaintiffs have alleged a claim under the first by pleading an enumerated public nuisance.

One of the public nuisances enumerated in the statute is "[t]o erect, continue, or use any building, or other place, for the exercise of any trade, employment, or manufacture, which, by occasioning obnoxious exhalations, offensive smells, or otherwise is offensive or dangerous to the health of individuals or of the public." RCW 7.48.140(7). Plaintiffs allege that Defendant used the Facility to emit certain gases—such as sulfur dioxide—in excess of its Clean Air Act permits or otherwise unlawfully. Dkt. 1 ¶¶ 39–41. They further allege that these gases caused foul smells, poor air quality, nausea, and airway irritation. *Id*. ¶ 33–37. Taken as true, these facts allege that the Facility emits offensive smells or obnoxious exhalations which are dangerous to the health of individuals or the public. RCW 7.48.140(7). The Court therefore DENIES Defendant's motion to dismiss this claim.

## B.    Private nuisance and negligence

### 1.    *Plaintiffs' private nuisance claim merges with their negligence claim.*

"An ordinary private nuisance action requires the plaintiff to show that the defendant's conduct caused substantial and unreasonable interference with the plaintiff's property interest." *Sauk-Suiattle Indian Tribe*, 25 Wn. App. 2d at 749 (citations omitted). Nuisance can be based upon intentional, reckless, or negligent conduct. *Hurley v. Port Blakely Tree Farms L.P.*, 182

---

[2] Defendant also argued on reply that Plaintiffs have not alleged a "special" or "distinct" injury necessary for a private party to assert a public nuisance claim. Dkt. 27 at 4; *see* RCW 7.48.210 ("A private person may maintain a civil action for a public nuisance, if it is specially injurious to himself or herself but not otherwise."). When moving to dismiss under Rule 12(b)(6), a defendant must include all arguments supporting dismissal in the initial motion. "It is well established that new arguments and evidence presented for the first time in Reply are waived." *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006) (citing *United States v. Patterson*, 230 F.3d 1168, 1172 (9th Cir. 2000)).

ORDER ON MOTION TO DISMISS - 7

Wn. App. 753, 769, 332 P.3d 469 (2014) (citing *Hostetler v. Ward*, 41 Wn. App. 343, 357, 704 P.2d 1193 (1985)). Here, however, Plaintiffs' private nuisance claim is duplicative of their negligence claim.

While the same act might constitute both negligence and nuisance, "a negligence claim presented in the garb of nuisance need not be considered apart from the negligence claim." *Hurley*, 182 Wn. App. at 770 (citations and internal quotations omitted). "In those situations where the alleged nuisance is the result of defendant's alleged negligent conduct, rules of negligence are applied." *Id*. (quoting *Atherton Condo. Apartment-Owners Ass'n Bd. of Directors v. Blume Dev. Co.*, 115 Wn.2d 506, 527, 799 P.2d 250 (1990)).

Plaintiffs argue that their claims do not merge because Defendant acted not just negligently, but intentionally. Dkt. 25 at 16–17. Specifically, Plaintiffs allege that Defendant had "clear knowledge of its odor emission problems" and "intentionally . . . created a nuisance that substantially and unreasonably interferes with the Plaintiffs' and the Class's properties." Dkt. 1 ¶¶ 44, 73.

These allegations are conclusory, however, and more is required to survive a motion to dismiss. Plaintiffs have not alleged facts to support that Defendant knew or should have known its emissions would substantially and unreasonably interfere with Plaintiffs' property interests. On the allegations here, Defendant's permit violations—without, for example, any information on how the violations happened, how severe the violations were, or whether Defendant complied with the WDE's remedial orders—do not demonstrate any mental state greater than negligence. *See Hicks v. Andrews*, No. 5:23CV81-RWS-JBB, 2024 WL 1507717, at *11 (E.D. Tex. Feb. 28, 2024), *report and recommendation adopted*, No. 5:23-CV-81-RWS-JBB, 2024 WL 1313336 (E.D. Tex. Mar. 27, 2024) ("No facts alleged show that Andrews intends to shed toxic waste residue onto the Plaintiffs' land, create a continuous humming noise, or obstruct the natural

ORDER ON MOTION TO DISMISS - 8

views around the Plaintiffs' properties. As such, Plaintiffs fail to provide factual allegations of intentional conduct by [Andrews] beyond conclusory statements.").

The Court therefore GRANTS Defendant's motion to dismiss Plaintiffs' private nuisance claim. Insofar as the claim is based on Defendant's negligent conduct, it is merged with Plaintiffs' negligence action and discussed below. *See infra* Section IV.B.2.

> 2.        *Plaintiffs state a valid negligence claim.*

An action for nuisance that resulted from negligence is indistinguishable from an action for negligence. *Hostetler*, 41 Wn. App. at 360 (citation omitted). "[N]uisance dependent upon negligence consists of anything lawfully but so negligently or carelessly done or permitted as to create a potential and unreasonable risk of harm which, in due course, results in injury to another." *Id*. "[W]here the alleged nuisance is the result of the defendant's alleged negligent conduct, rules of negligence are applied." *Atherton Condo. Apt.-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 527–28, 799 P.2d 250 (1990).

To establish a claim for negligence in Washington, a plaintiff must prove four elements: (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause. *Chaudhry v. Day*, 31 Wn. App. 2d 225, 230, 548 P.3d 279 (2024) (citing *Sjogren v. Props. of Pac. Nw., LLC*, 118 Wn. App. 144, 148, 75 P.3d 592 (2003)). In examining whether a duty of care was violated in a nuisance case, "the trial court mainly considers whether a party reasonably uses his or her property." *Boyle v. Leech*, 7 Wn. App. 2d 535, 538, 436 P.3d 393 (2019). "To determine whether a use is reasonable, courts balance the rights, interests, and convenience unique to the case." *Id*. at 539 (citing *Mustoe v. Ma*, 193 Wn. App. 161, 169, 371 P.3d 544 (2016)).

First, Plaintiffs plausibly allege that Defendant violated a duty of care. The Court agrees with Plaintiffs that Defendant owes a duty to nearby residents to "reasonably prevent fugitive

emissions of noxious odors from the Facility." Dkt. 18 at 20. And Plaintiffs cite multiple instances where Defendant violated emissions limits in its Clean Air Act permits and was fined, warned, or otherwise disciplined by the WDE. Dkt. 1 ¶¶ 39–41. In Washington, "[a] breach of a duty imposed by statute, ordinance, or administrative rule shall not be considered negligence per se, but may be considered by the trier of fact as evidence of negligence." RCW 5.40.050. Plaintiffs' claim that Defendant used the Facility unreasonably by "[f]ailing to control the emission of odorous compounds, such as sulfur dioxide, through its startup and/or operation of Facility equipment" is supported by Defendant's multiple permit violations. Dkt. 1 at 19.

Second, Plaintiffs plausibly allege that Defendant's activities at the Facility caused the harm at issue. Plaintiffs claim that they experienced foul odors for several years which would sometimes cause airway irritation and nausea. Dkt. 1 ¶¶ 35–36. During the same period, the Facility was the target of multiple WGE enforcement actions regarding its excessive emission of chemicals known to cause some of those symptoms. *Id*. ¶¶ 39–41; *see* United States Environmental Protection Agency, *Sulfur Dioxide Basics* (January 2, 2026), https://www.epa.gov/so2-pollution/sulfur-dioxide-basics ("Short-term exposures to SO2 can harm the human respiratory system and make breathing difficult.").

Drawing all reasonable inferences in Plaintiffs' favor, these facts are sufficient to find that Defendant's emissions caused Plaintiffs' harm. *See Galassi v. Lowe's Home Centers, LLC*, 4 Wn.3d 425, 440, 565 P.3d 116, 124 (2025) ("Establishing cause in fact involves a determination of what actually occurred and thus presents a factual question that is generally left to the jury.") (quoting *Schooley v. Pinch's Deli Mkt., Inc.*, 134 Wn.2d 468, 478, 951 P.2d 749 (1998) (internal quotations omitted)); *see also Mackie v. Hipple*, No. C09-0164RSL, 2010 WL 11561847, at *4 (W.D. Wash. Mar. 22, 2010) ("Plaintiff need only state a claim upon which relief can be granted

ORDER ON MOTION TO DISMISS - 10

in his complaint, he need not prove his entire case."). The Court therefore DENIES Defendant's motion to dismiss Plaintiffs' negligence claim.

**C.    Defendant's motion to strike class allegations**

Pursuant to Rule 12(f), Defendant also asks this Court to "strike Plaintiffs' class allegations because the proposed class is facially overbroad, includes individuals who lack Article III standing, and would impermissibly require individualized inquiries." Dkt. 17 at 25.

In general, it is better to "afford the litigants an opportunity to present evidence as to whether a class action [is] maintainable." *Cashatt v. Ford Motor Co.*, No. 3:19-CV-05886-RBL, 2020 WL 1987077, at *4 (W.D. Wash. Apr. 27, 2020) (quoting *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009)). However, a court may strike class allegations at the pleading stage if the plaintiffs cannot make a prima facie showing that they can meet the class action prerequisites in Rule 23 or that discovery is "likely to produce persuasive information substantiating the class action allegations." *Id*. (quotations omitted).

Defendant's motion is premature. "The class allegations do not contain 'redundant, immaterial, impertinent, or scandalous matter.'" *Gutierrez v. C&H Sugar, Inc.*, No. 23-CV-03192-SI, 2023 WL 7927771, at *7 (N.D. Cal. Nov. 15, 2023) (quoting Fed. R. Civ. P. 12(f)). As Plaintiff notes, other courts frequently let similar class definitions "for odor actions based on a circle drawn a certain distance from the facility" proceed to discovery. *Id*.; Dkt. 25 at 21. "The suitability of proceeding as a class action in this case will be properly considered in a motion for (or against) class certification, based on an appropriate factual record." *Gutierrez*, 2023 WL 7927771, at *7. Defendant's motion to strike class allegations under Rule 12(f) is DENIED.

**V.    CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss. Dkt. 17. Plaintiffs' private nuisance claim is DISMISSED

ORDER ON MOTION TO DISMISS - 11

WITHOUT PREJUDICE and their request for leave to amend (Dkt. 25 at 26) is GRANTED.

Plaintiffs may file an amended complaint no later than July 6, 2026.

The parties are further ORDERED to provide an updated joint status report no later than June 22, 2026 proposing a case schedule for discovery and class certification motions.

Dated this 15th day of June, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER ON MOTION TO DISMISS - 12